831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Harold J. DANNER, Jr., Appellant.
 Appeal No. 87-1276
 United States Court of Appeals, Federal Circuit.
 September 25, 1987.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and JACK R. MILLER, Senior Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) affirming the examiner's final rejection in a reexamination proceeding of claims 1-5 of U.S. Patent No. 4,287,015, and claims 6-9, 11 and 12 added during the reexamination proceeding, as unpatentable in view of 35 U.S.C. Sec. 103,[1] is affirmed.
 
 OPINION
 
 2
 Danner failed to show error in the board's rejection of claims 1-9, 11 and 12 under Sec. 103 in view of the prior art.[2]
 
 
 3
 The board correctly found that though no single piece of prior art teaches the Danner assembly, attaching the flexible membrane at points around the periphery in combination with a separate vacuum sealing point would have been obvious to one of ordinary skill in the art in view of Englehart combined with Beasecker, Morner, or Michella. Those secondary references all teach specific perimeter fastening means.
 
 
 4
 That Englehart discloses the membrane edges extending a few inches beyond the periphery so that when the membrane is pulled in upon evacuation a sufficient amount of membrane remains to maintain the vacuum, and that Danner may add a mechanical pressure component, are unpersuasive arguments. The former pertains only to the curved laminating embodiment exemplified by Englehart, and ignores the teaching that the Englehart system can be used to laminate flat articles as well. The latter is supported by no evidence of record. Given Englehart's stretchable membrane, and the perimeter fastening found in the secondary references, we find no error in the board's conclusion of prima facie obviousness.
 
 
 5
 Danner's affidavits fail to rebut the prima facie case of obviousness because they do not show a nexus between the merits of the claimed invention and the evidence presented. Simmons Fastener Corp. v. Illinois Tool Works, Inc., 739 F.2d 1573, 1575, 222 USPQ 744, 746 (Fed. Cir. 1984), cert. denied, 471 U.S. 1065 (1985). Danner's reliance upon In re Sernaker, 702 F.2d 989, 217 USPQ 1 (Fed. Cir. 1983) is misplaced. In Sernaker, the court found no evidence of record to support the assertion that the board considered the objective evidence. Here, the board stated that it carefully considered the entire record and need not painstakingly recount the entire record in its opinion, especially where as here it is clear that the evidence was fully and correctly considered. See 35 U.S.C. Secs. 306, 141 (decisions not opinions are appealed); accord Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540, 218 USPQ 871, 880 (Fed. Cir. 1983).
 
 
 
 [1]
 The board said, pursuant to 37 CFR Sec. 1.196(b), its rejection of dependent claim 12 under 35 USC Sec. 112 could be overcome by deleting the term 'cross-sectionally'. Danner said he will do so in due course. Accordingly, that ground of rejection is not considered here
 
 
 [2]
 Though independent claim 6 and dependent claims 7-9, 11 and 12 are more limited than claims 1-5, we discuss all the appealed claims together because our conclusion of obviousness in view of the prior art is the same for both sets of claims